RJP
DJ #198-01870

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>ERIC R. SCHNEIDER,<br><br>Defendant | INFORMATION<br><br>Cr. No. 1:21-cr-00645(MMH)<br>T. 16, U.S.C. §§ 3372(a)(l) and 3373(d)(2); T. 18, U.S.C., §§ 3551 et seq.; T. 50, C.F.R., Part 14 and 23) |

- - - - - - - - - - - - - - - - - - - - - - - - - - X

THE ASSISTANT ATTORNEY GENERAL CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

1. The defendant ERIC R. SCHNEIDER (SCHNEIDER), beginning in February 2010, was an employee at a fashion company's showroom located at 5 East 57th Street, New York, New York, managing some of its daily operations, to include advertising. After about two years, SCHNEIDER was promoted to Director of Sales, responsible for managing account executives and logistics personnel. In March 2017, SCHNEIDER became the General Manager, responsible for all commercial sales, negotiating budgets with corporate clients and supervising the staff. He retained this position until August 2020, when SCHNEIDER left the fashion company's employ.

2. The Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 et seq., implemented the provisions of the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES") for the United States. See 16 U.S.C. § 1537a. Wildlife listed by CITES's 180 member nations were placed on one of three appendices and given a sliding scale of protection. See 50 C.F.R. Part 23. Appendix I included genera and species threatened with

extinction, and was the most restrictive, banning wildlife trade between two countries for commercial purposes. Appendix II allowed commercial trade under permit for genera and species not yet considered in danger of imminent extinction, but that had to be controlled in order to avoid utilization incompatible with survival. Appendix III included genera and species that were protected in at least one country that had asked the other CITES-member countries for assistance in controlling trade. All caiman species, with three exceptions, were listed in CITES Appendix II. All python species, with the exception of one subspecies, were also listed in CITES Appendix II. The caiman and python subspecies exceptions were listed in Appendix I.

      3.      Under the Endangered Species Act (ESA) it is unlawful for any person subject to the jurisdiction of the United States to engage in any trade in any specimens contrary to the provisions of the CITES, or to possess any specimens traded contrary to the provisions of CITES. 16 U.S.C. § 1538(c). It is also unlawful for any person importing or exporting wildlife to fail to file any declaration or report as the Secretary of the Interior deems necessary to facilitate enforcement of the ESA or to meet the obligations of CITES. 16 U.S.C. § 1538(e).

      4.      Under 50 C.F.R. § 10.12, the term "wildlife" meant any wild animal, whether alive or dead, including, without limitation, any wild mammal, bird, reptile, amphibian or fish, whether or not bred hatched or born in captivity, and including any part or product thereof.

      5.      Under 50 C.F.R. § 14.52, a United States Fish and Wildlife Service ("FWS") officer was required to clear any and all wildlife imported into the United States. To obtain clearance of wildlife, an importer, exporter or authorized agent was required to make available to an officer of FWS or Customs and Border Protection all shipping documents; all permits, licenses or other documents required by laws of the United States; all permits or other documents required by the laws of or regulations of any foreign country; and any documents and permits required by the country of export or re-export for the wildlife. 50 C.F.R. 14.52(c).

6. Under 50 C.F.R. § 14.61, all importers or their agents were required to file with the FWS a completed Declaration for Importation or Exportation of Fish and Wildlife, Form 3-177 ("Declaration Form 3-177"), signed by the importer or the importer's agent, upon the importation of any wildlife where FWS clearance under 50 C.F.R. § 14.52 was requested. Declaration Form 3-177 required, among other things, an accurate listing of the genus, species and common name of the item being imported, a description code for the item, the quantity being imported, the country of origin, the purpose of the importation and the identification number of any permit authorizing the importation.

COUNT ONE
(LACEY ACT VIOLATION)

7. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8. On or about or between January 17, 2017 and December 31, 2019, in the Eastern District of New York and elsewhere, the defendant ERIC R. SCHNEIDER, did knowingly receive, acquire and sell wildlife, that is, approximately 1,000 caiman skin designer handbags and clutches when in the exercise of due care, the defendant, should have known that said wildlife was possessed and transported in violation of and in a manner unlawful under the laws and regulations of the United States specifically, Title 16 United States Code, Section 1538(c) & (e), and Title 50 Code of Federal Regulations Sections 14.52, 14.62, 23.13, 23.20, 23.27.

All in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(2) and Title 18 United States Code, Section 2.

TODD KIM  
ASSISTANT ATTORNEY GENERAL  
ENVIRONMENTAL AND NATURAL  
RESOURCES DIVISION  

BY: /s/ *Richard J Powers*  
    Richard J. Powers  
    Trial Attorney  
    Environmental Crimes Section
